NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3218
_____

UNITED STATES OF AMERICA

v.

JIMMY JIVENS,
                                    Appellant
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 1-17-cr-0350-001)
District Judge:  Honorable Christopher C. Connor
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 6, 2024

Before:  JORDAN, HARDIMAN, and PORTER, *Circuit Judges*

(Filed: September 6, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

In 2017, Jimmy Jivens pled guilty to drug and firearms offenses. He was sentenced to 168 months' imprisonment, a result, in part, of the District Court's decision to apply the United States Sentencing Guidelines' career offender enhancement based on his prior conviction for first-degree robbery under 18 Pa. Cons. Stat. § 3701(a)(1)(i) and (ii). Jivens argues that the Court erred because § 3701(a)(1)(i) is not a predicate "crime of violence" as required for application of the enhancement. But Jivens was also convicted under § 3701(a)(1)(ii), which is a crime of violence. So the District Court correctly applied the enhancement, and we will affirm.

## I. BACKGROUND

During an authorized search of Jivens's residence in 2017, agents of the Pennsylvania Board of Probation and Parole found evidence of drug trafficking, and local police placed him under arrest. A federal grand jury returned a three-count indictment against Jivens, and he pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession of firearms in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A).

Before sentencing, the Probation Officer prepared a Presentence Investigation Report, which calculated Jivens's guidelines range to be 262 to 327 months.[1] The calculation relied on Jivens's designation as a career offender under U.S.S.G. § 4B1.1,

---

[1] The government filed an information under 21 U.S.C. § 851(a)(1), increasing the maximum penalty on Count 1 to 30 years.

based on a criminal record that included his 1995 conviction for Pennsylvania first-degree robbery,[2] in violation of 18 Pa. Cons. Stat. § 3701(a)(1)(i) and (ii).

The charging document for that conviction invoked "Pa. C[ons]. S[tat]. § 3701(a)(1)(i) & (ii)" because Jivens had "intentionally, knowingly or recklessly, in the course of committing a theft[,] inflict[ed] or threaten[ed] to inflict serious bodily injury upon another or intentionally put another in fear of [i]mmediate serious bodily injury."[3] (J.A. at 55.) More specifically, the document alleged that "[t]he defendant used a handgun to intimidate the victims and placed them in fear for their lives." (J.A. at 55.)

In his objection letter and in his sentencing memorandum, Jivens argued to the District Court that his first-degree robbery conviction was not a crime of violence because the charging document effectively conceded that his conduct could have been reckless. The District Court disagreed and, after considering the 18 U.S.C. § 3553(a) factors, imposed a term of 168 months' imprisonment.[4] Jivens timely appealed. We

---

[2] The pertinent details of the robbery are as follows: In July 1995, Jivens and three co-conspirators robbed two victims at gunpoint in Harrisburg. As the four returned to their vehicle, Jivens and a co-conspirator fired shots into the air. A victim returned fire, killing one conspirator with a fatal shot to the head.

[3] The Pennsylvania information also charged Jivens with criminal conspiracy under 18 Pa. Cons. Stat. § 903.

[4] Jivens previously appealed the District Court's denial of his sentence-reduction motion under 18 U.S.C. § 3582(c)(1)(A). We affirmed the denial. *United States v. Jivens*, No. 21-1181, 2022 WL 266047 (3d Cir. Jan. 28, 2022) (not precedential).

stayed the appeal pending our decision in *United States v. Harris*, 68 F.4th 140 (3d Cir. 2023).[5]

## II.   DISCUSSION[6]

The sole issue in this appeal is whether Jivens is a career offender under § 4B1.1 of the sentencing guidelines.  That question turns on whether a conviction for Pennsylvania first-degree robbery under 18 Pa. Cons. Stat. § 3701(a)(1)(i) and (ii) is a crime of violence.  It is under subsection (ii).  *United States v. Henderson*, 80 F.4th 207, 211 (3d Cir. 2023), *cert. denied*, 144 S. Ct. 1379 (2024).

Under the sentencing guidelines, a defendant is a "career offender" and thus subject to a sentencing enhancement if, among other things, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[7]  U.S.S.G. § 4B1.1(a); *United States v. Graves*, 877 F.3d 494, 501 (3d Cir. 2017).  Section 4B1.2 of the guidelines defines a "crime of violence" as

---

[5] The decision in *United States v. Harris* did not end up shedding light on the issue here because we "d[id] not address whether [Harris's Pennsylvania] first-degree conviction for robbery qualifies as a predicate offense under [the Armed Career Criminal Act]."  68 F.4th 140, 148 n.7 (3d Cir. 2023).

[6] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  "Whether a prior conviction constitutes a crime of violence for purposes of the career offender Guideline is a question of law over which we exercise plenary review."  *United States v. Brown*, 765 F.3d 185, 188 (3d Cir. 2014), *as amended* (Nov. 4, 2014) (internal quotation marks omitted); *accord United States v. Henderson*, 80 F.4th 207, 210 n.1 (3d Cir. 2023) (reviewing the conclusion de novo), *cert. denied*, 144 S. Ct. 1379 (2024).

[7] For the enhancement at issue here to be applicable, the defendant must also be eighteen years old, and the offense for which he is being sentenced must involve a controlled substance or be a crime of violence.  U.S.S.G. § 4B1.1(a).  The parties do not

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another[;] or

> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm … or explosive material[.]

U.S.S.G. § 4B1.2(a). We commonly refer to § 4B1.2(a)(1) as the "elements" clause and to § 4B1.2(a)(2) as the "enumerated offenses" clause. *United States v. Wilson*, 880 F.3d 80, 84 (3d Cir. 2018).

To decide whether an offense constitutes a crime of violence under the guidelines, we apply the categorical approach, which "compare[s] the elements of the statute under which the defendant was convicted to the [g]uidelines' definition of crime of violence."[8] *United States v. Ramos*, 892 F.3d 599, 606 (3d Cir. 2018) (internal quotation marks omitted). When a statute of conviction "'list[s] elements in the alternative, and thereby define[s] multiple crimes,' it is divisible, and we must identify which of the alternate

---

dispute that Jivens's 2002 Pennsylvania conviction for possession with intent to deliver crack cocaine is a predicate controlled substance offense.

[8] If the statute of conviction has as an element "the use, attempted use, or threatened use of physical force against another person or if its elements substantially correspond to the elements of one of the enumerated offenses, then the statute proscribes a predicate crime of violence within the meaning of the [g]uidelines." *Henderson*, 80 F.4th at 210 (internal quotation marks omitted). But if "the statute of conviction lacks such an element, it sweeps more broadly than the [g]uidelines" and is not a predicate offense, regardless of the actual manner in which the crime was committed. *Id.* We "presume that the defendant … [committed the crime] by engaging in no more than 'the minimum conduct criminalized by the state statute.'" *United States v. Ramos*, 892 F.3d 599, 606 (3d Cir. 2018) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)); *accord Henderson*, 80 F.4th at 211.

elements was the basis for the conviction." *Henderson*, 80 F.4th at 211 (quoting *Mathis v. United States*, 579 U.S. 500, 505-06 (2016)). Under that so-called "modified categorical approach," we look to "extra-statutory documents to identify the specific statutory offense that provided the basis for the prior conviction." *Ramos*, 892 F.3d at 607. These include the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005).

Because we have held that 18 Pa. Cons. Stat. "§ 3701 is divisible, we [first] apply the 'modified categorical approach,' … to identify the subsection under which [Jivens] was convicted." *Henderson*, 80 F.4th at 212. The 1995 charging document states that he "did intentionally, knowingly or recklessly, in the course of committing a theft[] inflict or threaten to inflict serious bodily injury upon another or intentionally put another in fear of immediate serious bodily injury" under "18 Pa. C[ons]. S[tat]. § 3701(a)(1)(i) & (ii)." (J.A. at 55.) Central to his argument that we must decide whether subsection (a)(1)(i) is a crime of violence, Jivens argues that he could have been convicted under subsection (i) *or* (ii). We disagree. "The usual meaning of the word 'and' … is conjunctive, and unless the context dictates otherwise, the 'and' is presumed to be used in its ordinary sense[.]" *Reese Bros. v. United States*, 447 F.3d 229, 235 (3d Cir. 2006) (internal quotation marks omitted); *see also And* (def. 1), *Merriam-Webster Dictionary* (2024) (defining "and" as a conjunction "used as a function word to indicate connection or addition especially of items within the same class or type"). Thus, Jivens pled guilty to and was convicted of first-degree robbery under both § 3701(a)(1)(i) *and* (ii).

6

The charging document also emphasized "Serious Bodily Injury Feared" only, stating in the Count for first-degree robbery that Jivens "used a handgun to intimidate the victims and placed them in fear for their lives." (J.A. at 55.) Subsection (ii) of § 3701(a)(1) states that "[a] person is guilty of robbery if, in the course of committing a theft, he … threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" Therefore, the full language of the Count in which first-degree robbery was charged actually tracks the language of subsection (ii), which further supports that Jivens's guilty plea to the information is a conviction under subsection (ii).

In *Henderson*, we held that § 3701(a)(1)(ii) "qualif[ies] as a crime of violence under [U.S.S.G.] § 4B1.2's elements clause[.]" 80 F.4th at 215. Thus, Jivens's 1995 Pennsylvania first-degree robbery conviction is a predicate offense under sentencing guideline § 4B1.2.[9] Accordingly, the District Court did not err in sentencing him as a career offender.

## III.  CONCLUSION

For the foregoing reasons, we will affirm the judgment of sentence imposed by the District Court.

---

[9] Because we hold that his conviction under subsection (ii) qualifies as a crime of violence, and he thus has three predicate offenses under U.S.S.G. § 4B1.1, we need not decide whether his conviction under subsection (i) is a crime of violence under the enumerated offenses clause.

7